UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANA KERN                                CIVIL ACTION

VERSUS                                   NO. 05-5486

STATE FARM MUTUAL INSURANCE              SECTION "C"
COMPANY

ORDER AND REASONS

This matter comes before the Court on the issue of whether the minimum jurisdictional amount in controversy exists in this removed case. Having determined that the defendant has not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they

should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.   It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

    The facts presented do not support a finding of the jurisdictional minimum.  According to the petition, the plaintiff seeks underinsured motorist coverage for injuries allegedly sustained in an automobile accident.  The suit was filed in state court and removed on the basis of diversity.  The defendant

argues that the jurisdictional minimum is satisfied because the plaintiff is claiming a "herniated disc at C6 with bilateral encroachment of the neuroforamina together with radiculopathy and medical expenses totaling $5,725." (Rec. Doc. 6, p. 1). It relies on two cases, Roig v. Travelers Insurance Company, 694 So.2d 362 (La. App. 5th Cir. 1007), and Hoyt v. Gray Insurance Co., 809 So.2d 1076 for the proposition that a claim for an unoperated cervical herniated disc may exceed $75,000.00. The Court finds these cases distinguishable.[1] In Roig, 694 So.2d at 378, the plaintiff "suffered RSD, TOS, cervical strain lasting several months, thrombosis on at least three occasions and serious psychological damage, leaving her totally disabled and with residual life-long disability and pain." As previously noted by the undersigned, in Hoyt, the plaintiffs were found to have "disabling injuries" with "long-range implications." Story v. Unitrin Specialty Insurance Co., 2005 WL 3543731 (E.D.La.). See also Keller v. Sally Beauty Co., Inc., 2005 WL 757354 (E.D.La.).

Here, the most recent 2004 reports from Dr. Vogel indicate that the plaintiff has a "herniated cervical disc vs segmental

---

[1] Similarly, reliance on Andrus v. State Farm Mutual Auto Insurance Co., 670 So.2d1206 (La. 1996) is unavailing, where that plaintiff's injuries required surgery.

cervical instability," is "not disabled for his current duties," "has been asked to continue conservative care" and "has agreed to return to the office should his pain become intractable or should he be unable to return to gainful employment."  His most recent visit to Dr. Kewalramani in July 2005, indicates that he is "symptomatic," with "lesser degree of tenderness and better mobility."  There is no recommendation for surgery and no showing of disability in the record.  These circumstances do not support the jurisdictional minimum, assuming the existence of a herniated disc.  See Misewicz v. Gamso, 860 So.2d 119 (La. App. 4th Cir. 2003)($49,943 total award, including $20,592 for lost wages); Webb v. Horton, 812 SO.2d 91 (La. App. 5th Cir. 2002)($50,000 general damage award); Bachemin v. Anderson, 717 So.2d 677 (La. App. 4th Cir. 1998)($5,000 award for past & future pain and suffering); Lee v. Alsobrooks, 712 So.2d 1060 (LA. App. 5th Cir. 1998)($50,000 general damage award).

    Based on the record and the law, the Court finds that the defendant has not shown that the amount in controversy exceeds $75,000 at the time of removal. See e.g., Misewicz v. Gamso, 860 So.2d 119 (La. App. 4th Cir. 2003); Lee v. Alsobrooks, 712 So.2d 1060 (La. App. 5th Cir. 1998).  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco,

Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

 Accordingly,

 IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

 New Orleans, Louisiana, this 18th day of January, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE